# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEPHANIE ALVAREZ and MONICA GILBEAU, as Co-Personal Representatives of the Estate of Juan Linero, deceased, for and on behalf of the survivors of the Estate of Juan Linero, including the following: L.A., minor surviving child of Juan Linero, and the Estate of Juan Linero,**

    **Plaintiffs,**

**-vs-**                **Case No. 6:12-cv-1762-Orl-28KRS**

**BREVARD COUNTY, FLORIDA, BREVARD COUNTY SHERIFF, DARRELL HIBBS, JAMES CUDDY, TIMOTHY FAY, JESSE BIRCH, SABRINA CARPENTIER, LATORRIE WYCHE, ARMOR CORRECTIONAL HEALTH SERVICES, INC., CIRCLES OF CARE, INC., PATRICIA TILLEY, and ROBERT LOUGH,**

    **Defendants.**

_____

# ORDER

In their First Amended Complaint (Doc. 18), Plaintiffs bring nine claims against twelve Defendants pursuant to 42 U.S.C. § 1983 and Florida law arising from the death of Juan Linero while he was detained at the Brevard County Detention Center ("the jail"). Many of the Defendants have filed motions to dismiss some or all of the claims against them, and those motions (Docs. 19, 24, & 25) are now before the Court.

## I. Background[1]

Linero began his detention at the jail on September 14, 2010, and shortly thereafter he "verbalized that he wanted to commit suicide and outwardly manifested an intent to seriously injure or kill himself." (First Am. Compl. ¶¶ 20-21). On September 25, 2010, while unattended in a cell, Linero hanged himself. (Id. ¶ 22). Officers at the jail attempted without success to revive him. (Id.).

Plaintiffs, the co-personal representatives of Linero's estate, now bring this suit alleging violations of Linero's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution and negligence under state law. Named as Defendants are Brevard County, which owns and maintains the jail and is allegedly "otherwise responsible for providing medical care to inmates" at the jail, (id. ¶ 4); Sheriff Jack Parker, who allegedly "is responsible for running the jail . . . and for providing medical care to inmates" at the jail, (id. ¶ 3); Armor Correctional Health Services, Inc. ("ACHS"), a corporation that contracted with the County or the Sheriff to provide mental heath care training and suicide prevention training to employees of the Sheriff and the County and mental health and medical care to jail inmates, (id. ¶¶ 6, 7, & 76); Circles of Care, Inc. ("Circles"), a non-profit corporation that contracted with the County or the Sheriff to provide mental health care to jail inmates, (id. ¶¶ 8 & 84); seven employees of the County or the jail—Darrell Hibbs, James Cuddy, Timothy Fay, Robert Lough, Jesse Birch, Sabina Carpentier, and Latorrie Wyche, (id. ¶¶ 9 & 94); and Patricia Tilley, who is alleged in the First Amended Complaint to be an employee of Circles,

---

[1] The facts in the Background section are taken from the First Amended Complaint and are accepted as true at this stage of the case.

(id. ¶ 9), but who, according to one of the motions to dismiss, is instead an employee of the Sheriff, (see Doc. 19 at 4 n.1).[2]

Plaintiffs bring two claims (Counts I and II) against the Sheriff pursuant to 42 U.S.C. § 1983; one state law wrongful death claim (Count III) against the Sheriff based on negligence; one claim (Count IV) against the County pursuant to § 1983; one state law wrongful death claim (Count V) against the County based on negligence; one claim (Count VI) against ACHS pursuant to § 1983; one claim (Count VII) against Circles and Tilley pursuant to § 1983; one claim (Count VIII) against Hibbs, Cuddy, Fay, Lough, Birch, Carpentier, and Wyche pursuant to § 1983; and one state law wrongful death claim (Count IX) against Hibbs, Cuddy, Fay, Lough, Birch, Carpentier, and Wyche based on negligence. Motions to dismiss have been filed by Circles (Doc. 25), Wyche (Doc. 24), and all other Defendants except ACHS and Carpentier (Doc. 19).

## II. Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S.

---

[2]This footnote states: "Plaintiffs allege incorrectly that Defendant Tilley is an employee of Defendant Circles of Care instead of the Brevard County Sheriff."

at 570).

### III.  Discussion

#### A.  Motion by Circles of Care, Inc. (Doc. 25)

In its motion to dismiss (Doc. 25), Circles seeks dismissal of the lone count against it—Count VII.  Circles contends that this claim is barred because Plaintiffs did not comply with the pre-suit notice requirements of chapter 766, Florida Statutes, for medical malpractice and medical negligence claims.  However, the claim against Circles is not a state law medical negligence claim but a § 1983 claim in which Plaintiffs allege that Circles acted not merely with negligence but with deliberate indifference to Linero's constitutional rights.  Thus, Circles's motion shall be denied.  See Rolle v. Brevard Cnty., No. 6:06-cv-714-Orl-19JGG, 2007 WL 328682, at *5 (M.D. Fla. Jan. 31, 2007) (rejecting motion to dismiss that asserted noncompliance with chapter 766, noting that "Plaintiffs' [§ 1983] claims have been brought under federal law and are separate and distinct from medical malpractice claims brought under state law."); cf. Johnson v. McNeil, 278 F. App'x 866 (11th Cir. 2008) (affirming dismissal of negligence claim based on failure to comply with pre-suit requirements and affirming summary judgment on § 1983 claim that alleged deliberate indifference).[3]

#### B.  Motion by Wyche (Doc. 24)

---

[3]The decision cited by Circles, Smith v. Brevard Cnty., No. 6:06-cv-715-Orl-31JGG, 2006 WL 2355583 (M.D. Fla. Aug. 14, 2006)—which also involved claims against Circles—does not state otherwise.  Circles cites the portion of that decision that discussed a state law claim, not a § 1983 claim.  Id. at *7-*9.  It is clear from later orders in that same case that a § 1983 claim against Circles was allowed to proceed.  See Smith v. Brevard Cnty., 461 F. Supp. 2d 1243, 1248-49 (M.D. Fla. 2006) (denying motion to dismiss § 1983 claim against Circles in which deliberate indifference was alleged).

Wyche is named as a Defendant in Counts VIII and IX of the First Amended Complaint. Wyche moves to dismiss both claims, arguing that she is sued only in her official capacity and that therefore the claims against her are in effect claims against the entity or agency by which she is employed. In their Response, Plaintiffs concede that these claims are redundant to those against the County and the Sheriff and that "[t]hese counts are to be reframed consistent with the claims in Counts I, II, III, IV, and V." (Doc. 37 at 2). Wyche's motion will be granted, but Plaintiffs will be granted leave to amend to clarify their claims involving Wyche.

C.  Motion by County, Sheriff, Hibbs, Cuddy, Fay, Lough, Birch, and Tilley (Doc. 19)

The County, the Sheriff, Hibbs, Cuddy, Fay, Lough, Birch, and Tilley have filed a motion to dismiss (Doc. 19) directed at some of the claims against them, raising two arguments. First, like Wyche, they argue that the claims against Hibbs, Cuddy, Fay, Lough, Birch, and Tilley—Counts VIII and IX—should be dismissed and reframed as claims against the Sheriff or the County because these individual Defendants are named only in their official capacity, which is the equivalent of a suit against the agency for whom they work. In their response memorandum, Plaintiffs concede that these counts should be reframed as counts against the Sheriff. (See Doc. 36 at 2). Accordingly, this motion will be granted as to Counts VIII and IX, but Plaintiffs will be granted leave to amend.

Second, the Sheriff and the County argue that Counts III and V, which allege wrongful death claims based on negligence against, respectively, the Sheriff and the County, should be dismissed because Plaintiffs did not comply with the presuit notice requirements for medical negligence claims set forth in chapter 766, Florida Statutes. Plaintiffs respond that

-5-

the claims in Counts III and V "allege negligence under 42 U.S.C. § 1983, and not under Florida law" and that the presuit requirements do not apply. (Doc. 36 at 2). Plaintiffs are incorrect in this regard.[4] Although the count against Circles—discussed earlier in this Order—was indeed a § 1983 claim, Counts III and V are not pleaded as § 1983 claims but as state law negligence claims. If Plaintiffs are only basing these claims on medical negligence, Plaintiffs were required to comply with the presuit notice requirements. However, it appears that Plaintiffs may be alleging claims that fall outside the realm of "medical malpractice"; Plaintiffs seem to allege in these counts that the County and the Sheriff otherwise acted negligently at the jail. These claims will be dismissed without prejudice. If Plaintiffs are indeed alleging something other than medical negligence in these claims, they may replead these claims.

## IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss (Doc. 19) filed by Defendants Brevard County, Sheriff Jack Parker, Darrell Hibbs, James Cuddy, Timothy Fay, Robert Lough, Jesse Birch, and Patricia Tilley is **GRANTED** but Plaintiffs are granted leave to replead Counts III, V, VIII, and IX. These claims are **DISMISSED without prejudice** insofar as they are brought against these Defendants.

2. The Motion to Dismiss (Doc. 24) filed by Defendant Latorrie Wyche is **GRANTED** but Plaintiffs are granted leave to replead their claims against Defendant Wyche. These

---

[4]Plaintiffs are also incorrect insofar as they are suggesting that negligence is actionable under 42 U.S.C. § 1983. It is not.

claims are **DISMISSED without prejudice** insofar as they are brought against Defendant Wyche.

3. The Motion to Dismiss (Doc. 25) filed by Defendant Circles of Care, Inc. is **DENIED**.

4. Plaintiffs may file a second amended complaint **on or before Wednesday, May 1, 2013**.

**DONE** and **ORDERED** in Orlando, Florida this 18th day of April, 2013.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record