UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHANIE ALVAREZ and MONICA
GILBEAU, as Co-Personal
Representatives of the Estate of Juan
Linero, deceased, for and on behalf of
the survivors of the Estate of Juan
Linero, including the following: L.A.,
minor surviving child of Juan Linero,
and the Estate of Juan Linero,

           Plaintiffs,

-vs-                                  Case No. 6:12-cv-1762-Orl-28KRS

BREVARD COUNTY, FLORIDA,[1]
BREVARD COUNTY SHERIFF JACK
PARKER in his official capacity,
DARRELL HIBBS, JAMES CUDDY,
TIMOTHY FAY, JESSE BIRCH,
LATORRIE WYCHE, PATRICIA TILLEY,
and ROBERT LOUGH,

           Defendants.
_____

## ORDER

In a prior Order, the Court dismissed several claims of Plaintiffs' First Amended Complaint without prejudice and with leave to amend. (Doc. 46). Plaintiff then filed a Second Amended Complaint (Doc. 53), bringing nine claims against eleven Defendants.

---

[1] Plaintiffs did not include Brevard County in the caption of their Second Amended Complaint, but this appears to have been an oversight. Counts III, IV, and V of the Second Amended Complaint are brought only against the County, and the County is clearly still defending the case and remains a party to it.

Plaintiffs have since voluntarily dismissed two of those eleven Defendants—Sabrina Carpentier and Armor Correctional Health Services, Inc. (See Docs. 56, 57, & 58).

The remaining nine Defendants now move to dismiss some of the claims against them. (Docs. 50 & 51). Defendants seek dismissal of Counts VII and VIII[2] of the Second Amended Complaint as insufficiently pleaded; they seek to dismiss the claims for punitive damages in Counts I, II, III, IV, and V because punitive damages are not recoverable from the municipal entities against whom these counts are brought; and they seek to drop Defendant Patricia Tilley as a party because in the Second Amended Complaint, Plaintiffs do not actually bring any claims against her. In their responses, Plaintiffs state that they have decided to dismiss Count VIII and that they agree to dismiss Tilley and the punitive damage requests in Counts I, II, III, IV, and V. Plaintiffs do, however, contest the sufficiency of the pleading of Count VII.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

---

[2]As noted by all parties, in the Second Amended Complaint the eighth count is actually mislabeled as a second "Count VII." It will be referred to herein as Count VIII, with the understanding that the Court is referring to the second "Count VII" that begins on page 24 of the Second Amended Complaint.

U.S. at 570).

Applying these standards, Count VII does not contain sufficient factual matter to state a plausible claim against any of the Defendants against whom it is brought. Count VII is a claim pursuant to 42 U.S.C. § 1983 against Defendants Hibbs, Cuddy, Fay, Lough, Birch, and Wyche for failure to prevent the decedent's suicide at the Brevard County Jail. However, as correctly argued by these Defendants, Plaintiffs only conclusorily allege that these Defendants were indifferent to the decedent's suicide risk. Plaintiffs make no distinction among these Defendants, nor do they describe any factual basis for their alleged knowledge of risk or for their indifference to it.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss (Doc. 50) filed by Defendants Brevard County, Sheriff Jack Parker, Darrell Hibbs, James Cuddy, Timothy Fay, Robert Lough, Jesse Birch, and Patricia Tilley is **GRANTED**.

2. The Motion to Dismiss (Doc. 51) filed by Defendant Latorrie Wyche is **GRANTED**.

3. Count VII of the Second Amended Complaint is **DISMISSED with prejudice** for failure to state a claim for which relief can be granted.

4. Count VIII of the Second Amended Complaint is **DISMISSED with prejudice** based on Plaintiffs' agreement to dismiss this count.

5. The punitive damages requests in Counts I, II, III, IV, and V are **STRICKEN**. These counts otherwise remain.

6. Defendant Patricia Tilley is dismissed from this case, as the Second Amended Complaint fails to state any claim against her.

7. In light of this Order and prior dismissals, the only remaining claims are Counts I, II, III, IV, and V, and the only remaining Defendants are the County and the Sheriff.

**DONE** and **ORDERED** in Orlando, Florida this \_\_6^TH\_\_ day of August, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party